UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA )
                         )
v.                       )     No. 2:14-CR-020
                         )
PEGGY JEAN STALLARD      )

## MEMORANDUM AND ORDER

The defendant pled guilty to conspiring to distribute and to possess with the intent to distribute a-PVP, otherwise known as "gravel." She will be sentenced on November 6, 2014. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 109], to which the defendant has filed an objection.

At paragraph 33, the PSR assigns one criminal history point for a December 2013 conviction in the Criminal Court of Sullivan County, Tennessee. In that case, the defendant pled guilty to possession of drug paraphernalia. She now objects that the Sullivan County conviction should not receive a criminal history point because the drug paraphernalia was "part of the conspiracy to distribute and possess with the intent to distribute a schedule I controlled substance analogue" for which she will be sentenced in this court.

According to the Sullivan County presentment, the defendant was charged in Count 1 with "unlawfully possess[ing] with the intent to use drug paraphernalia, to wit:

a glass pip[e] to inject, ingest, inhale or otherwise introduce into the human body a controlled substance . . . ." The defendant pled guilty to that charge.

In material part, prior sentences counted in the federal criminal history computation are those involving "conduct not part of the instant offense." *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(1) (2013). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)." *Id.* § 4A1.2 cmt. n.1. Relevant conduct includes those acts "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course or attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3(a)(1)(B).

In this court the defendant has pled guilty to *distributing* and possessing with the intent to *distribute* gravel. By contrast, in the Sullivan County case she pled guilty to possessing *paraphernalia* for drug *use*. These are two distinct crimes – drug distribution vs. possession of a pipe. The Sullivan County pipe possession cannot be viewed as occurring during, in preparation for, or in concealing the *drug distribution* offense in this case. The Sullivan County crime was thus "conduct not part of the instant offense" and is properly counted in the defendant's criminal history computation.

2

The pending PSR objection is therefore **OVERRULED**. Sentencing remains set for November 6, 2014, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge